Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. The parties submitted an index of medical records from Iredell Memorial Hospital, Dr. Rhyne and Dr. Bonzo. These records were marked as Stipulated Exhibit 1 and received into evidence.
**************
Based upon all of the competent evidence in the record, the Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACTS
1. On May 9, 1994, plaintiff was employed by the defendant-employer as a roofer. A co-worker Louis Young drove defendant-employer's truck to a BP station to purchase some kerosene needed to do a roofing job. Plaintiff was a passenger in the vehicle. While the vehicle was stopped at an intersection, a semi-tractor trailer truck struck the vehicle in the rear.
2. Immediately upon impact between the tractor trailer and defendant-employer's truck on May 9, 1994, plaintiff's head snapped back. The defendant-employer directed plaintiff to be transported to the hospital to be examined.
3. Following the May 9, 1994 vehicular collision, plaintiff was transported to the emergency room at Iredell Memorial Hospital. A CT scan of plaintiff's cervical spine revealed some loss of height to the C6 vertebra. There was no acute compression fracture, no sublaxation and no paraspinous masses were seen. Plaintiff was diagnosed as having sustained a neck strain. Plaintiff was prescribed a muscle relaxer and an anti-inflammatory drug and released to return to work without restrictions on May 11, 1994. Plaintiff was told to expect worsening stiffness in his neck for the next two-to-three days. This treatment resulted in medical expenses in the amount of $1,099.50 to be owed to Iredell Memorial Hospital.
4. Plaintiff returned to work on May 10, 1994 in violation of the instructions he was given by the emergency room physician. On May 11, 1994, plaintiff got into an argument with his employer over his ability to do a work task. Plaintiff complained that his neck injury prevented him from being able to do the task. Plaintiff decided to quit because of this argument.
5. On May 12, 1994, plaintiff's personal physician, Dr. Rhyne, examined plaintiff's neck and determined that plaintiff had a full range of motion with his neck. Dr. Rhyne did not restrict the plaintiff from working.
6. On June 6, 1994, plaintiff began receiving chiropractic treatment from Dr. Bonzo. Dr. Bonzo restricted the plaintiff from working from June 6, 1994 to September 6, 1994.
7. As a result of the May 9, 1994 car accident, plaintiff sustained a neck strain.
8. The chiropractic treatment received by plaintiff from Dr. Bonzo was necessary as a result of the May 9, 1994 injury by accident. The chiropractic treatment received by plaintiff from Dr. Bonzo did help to reduce plaintiff's pain. The total cost of the treatment provided by Dr. Bonzo was $1,913.00.
9. Plaintiff returned to work in November 1994 at Iredell Fibers.
10. The defendant-employer was unaware that his workers' compensation insurance had been suspended because he had failed to permit an inspection of his place of business. The defendant-employer sent the plaintiff to the hospital under the mistaken belief that he had workers' compensation insurance to cover the plaintiff.
******************
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On or about May 9, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, in that he sustained a neck strain as a result of an accident arising from the work assigned. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to receive temporary total disability compensation at a rate of $166.75 per week for the time period beginning June 6, 1994 to September 6, 1994. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
4. Defendant neglected to maintain workers' compensation insurance on May 9, 1994. Defendant's neglect was not willful. N.C. Gen. Stat. § 97-94.
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendant shall pay compensation to plaintiff in the amount of $166.75 from June 6, 1994 to September 6, 1994. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
2. The defendant shall pay all medical expenses incurred or to be incurred as a result of the May 9, 1994 injury by accident including $1,099.50 to the Iredell Memorial Hospital and $1,913.00 to Dr. Bonzo.
3. The defendant shall pay the costs due this Commission.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel.
5. No fine shall be assessed against the defendant for failure to maintain workers' compensation insurance on May 9, 1994.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
BSB:md